UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Civil Action No. __3:21-cv-00716__

DWAYNE D. ROTHROCK,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC,

    Defendant,
_____/

## COMPLAINT

**NOW COMES** DWAYNE D. ROTHROCK, through his undersigned counsel, complaining of ENHANCED RECOVERY COMPANY, LLC as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

### PARTIES

4. DWAYNE D. ROTHROCK ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Schnecksville, Pennsylvania.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. ENHANCED RECOVERY COMPANY, LLC ("Defendant") is a limited liability company with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

8. Defendant's principal purpose is collecting or attempting to collect, directly, or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers across the United States.

## FACTUAL ALLEGATIONS

9. In or around January 2021, Plaintiff noticed that Defendant was reporting on his credit report for an alleged debt owed to Sprint in the approximate amount of $180.00 ("subject debt").

10. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. In or around mid-June 2021, Defendant started placing collection calls to Plaintiff in an attempt to collect the subject debt.

12. During one of the initial calls that Plaintiff spoke with Defendant's representative, Defendant attempted to coerce Plaintiff into making a payment by promising not to report the subject debt to the credit bureaus if Plaintiff paid the subject debt right now.

13. Plaintiff told Defendant's representative that the subject debt was already reporting on his credit report, and he did not appreciate these deceptive tactics.

14. Plaintiff received another phone call several days later in which Defendant attempted yet again to coerce Plaintiff to pay the subject debt in exchange for not reporting it to the credit bureaus.

15. Plaintiff again told Defendant that the subject debt was already reporting on his credit report and that he was not making a payment.

16. Plaintiff was then transferred to a supervisor who proceeded to read Plaintiff what sounded like a script.

17. Plaintiff again advised the supervisor that the subject debt was already reporting on his credit report and that Plaintiff would be taking legal action for the continuous harassment and deceptive tactics.

18. Suddenly the next day, Plaintiff received an alert from Credit Karma that a derogatory account from Defendant was removed from his credit report.

19. Additionally, on or around June 17, 2021, Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

20. Upon information and belief, Defendant's Letter was prepared and issued by a third-party vendor that Defendant hired for the sole purpose of preparing and issuing collection letters.

21. Specifically, Defendant's Letter was mailed from the following address: P.O. BOX 1259, Dept 98696, Oaks, PA 19456-1280.

22. Also, Defendant's Letter stated "Please do not send correspondence to this address" above the PO Box return address.

23. Upon information and belief, the address belongs to the third-party vendor that prepared and mailed Defendant's Letter.

24. By hiring a third-party vendor to issue Defendant's Letter, Defendant unlawfully disclosed to the third-party that Plaintiff allegedly owed the subject debt.

25. Information regarding Plaintiff and the subject debt, including the fact that Plaintiff allegedly owed the subject debt, was disclosed.

26. Privacy about one's financial affairs are considered of the utmost importance to people.

27. Upon information and belief, the third-party vendor then completed and populated information provided by Defendant into a template letter that was then delivered to Plaintiff (Defendant's Letter).

28. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to *any person* through any medium." (emphasis added).

29. Accordingly, the information sent from Defendant to the unknown third-party vendor was a "communication" as defined by the FDCPA.

30. Defendant's communication to the unknown third-party vendor was in connection with the collection of a debt since the information was sent in an effort to facilitate collection of the subject debt.

31. Plaintiff did not authorize Defendant to communicate with the third-party vendor regarding the subject debt.

32. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

33. The third-party vendor used by Defendant to facilitate the collection of the subject debt does not fall within any of the exceptions prescribed by 15 U.S.C. § 1692c(b).

34. Defendant's unlawful dissemination of highly personal information regarding Plaintiff's financial affairs invaded Plaintiff's privacy and violated the rights afforded to the Plaintiff by the FDCPA.

35. Upon information and belief, Defendant utilizes third-party vendors to prepare and issue collection letters in an effort to reduce overhead costs and increase profits.

36. Defendant's conscious decision to use third-party vendors demonstrates that it prioritizes its economic interests over the privacy rights afforded to consumers by the FDCPA.

## **CLAIMS FOR RELIEF**

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

37. Plaintiff adopts and incorporates paragraphs 9 through 36 all paragraphs as fully stated herein.

38. Defendant violated 15 U.S.C. § 1692c(b) by unlawfully disclosing that Plaintiff owed the subject debt to its third-party vendor.

39. As set forth above, Plaintiff's privacy rights were violated by Defendant's unlawful disclosure of information pertaining to the subject debt to a prohibited third party.

40. 15 U.S.C. § 1692e(10) states that a debt collector is prohibited from "the use of any false representation or deceptive means to collect or attempt to collect any debt. . ." 15 U.S.C. §1692 e(10).

41. Defendant also violated 15 U.S.C. § 1692e(10) when it attempted on three separate occasions to coerce Plaintiff into making a payment on the subject debt by stating it would not

report the subject debt to the credit bureaus when, in fact, the subject debt had been reporting to the credit bureaus for six months.

**WHEREFORE**, Plaintiff, DWAYNE D. ROTHROCK, requests the following relief:

    A.    a finding that Defendant violated 15 U.S.C. §§ 1692c(b) and (e)(10);

    B.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violations;

    C.    an award of such additional statutory damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

    D.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

    E.    an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: July 20, 2021

Respectfully submitted,

DWAYNE D. ROTHROCK

By: */s/ Alejandro E. Figueroa*
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*